United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kristoffer Jon Hind, and others, <br> Plaintiffs, <br><br> v. <br><br> FxWinning Limited, and others, <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 23-23139-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order Authorizing Alternative Service of Process**

This matter is before the Court upon the Plaintiffs' motion for an order authorizing alternative service of process on Defendant Roman Cardenas. (Mot., ECF No. 33.) The Plaintiffs also submitted supplementary briefing at the Court's request. (ECF No. 40.) The Court has reviewed the record, the motion and supplementary briefing, and the applicable law. For the reasons stated herein, the Court **grants** the motion. (**ECF No. 33**.)

1. **Background**

On August 17, 2023, Plaintiffs Kristoffer Jon Hind and other individuals filed the instant lawsuit against FxWinning Limited, its vice president Roman Cardenas, and others. (Compl., ECF No. 1.) The Plaintiffs allege that FxWinning Limited and the other Defendants defrauded the Plaintiffs by claiming that they had invented an algorithm that produced high returns on foreign exchange trading. (*Id.* ¶¶ 1-2.) The Plaintiffs claim that they invested over $26,000,000 in the trading platform based on the Defendants' misrepresentations, but that they never received returns and have not been allowed to withdraw their funds. (*Id.* ¶¶ 3-5.) The Plaintiffs now seek an order authorizing alternative service of process on Cardenas because they have been unable to serve him thus far. (Mot., ECF No. 33.) Specifically, the Plaintiffs request authorization to serve Cardenas by email, FedEx to Cardenas's Florida home, and on counsel that represents him in a related state court matter. (Mot., ECF No. 33 at 8.)

2. **Analysis**

Federal Rule of Civil Procedure 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Service pursuant to Rule 4(f)(3) is neither "a last resort nor extraordinary relief." *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). All that is required is that the proposed service is not prohibited by international

agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1016; *see also Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695, at *2–3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.). The Hague Convention does not apply where the Defendant's address is unknown. *See Mycoskie, LLC v. 1688best*, No. 18-cv-60925, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) (Moore, J.) ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'").

Here, the Plaintiffs have attempted to effectuate personal service on Cardenas at the address listed on his Florida driver's license seven times. (Mot., Ex. A, ECF No. 33-1 at 3.) After these efforts failed, they contacted Cardenas's current counsel in another related lawsuit, who represented that Cardenas resides in Cyprus, but would not provide Cardenas's Cypriot mailing address. (*Id.* at 4.) The Plaintiffs' counsel also conducted an internet search for Cardenas's mailing address but was unable to identify an address. (*Id.* at 4.) Thus, because the Plaintiffs have been unable to locate Cardenas despite diligent efforts, the Hague Convention does not restrict the methods of service available.

The Court therefore considers whether the methods proposed are "reasonably calculated" to provide Cardenas with notice of the lawsuit and an opportunity to respond. *See Rio Props.*, 284 F.3d at 1016. The Plaintiffs argue that service via email, FedEx, and via Cardenas's U.S. counsel would be sufficient to satisfy due process requirements. The Plaintiffs state that "Cardenas' email addresses are known (including one presumably residing on FxWinning's servers)," citing CFT Solutions, LLC's motion for alternative service in its state court lawsuit against FxWinning. (Supp. Brief, ECF No. 40 at 2.) CFT Solutions represented in that motion that it had used the email addresses in regular communications with FxWinning and its executives, including Cardenas at his personal email address. (ECF No. 40-1 at 8.) Plaintiffs have since requested that Cardenas's counsel confirm whether the email addresses are accurate, and counsel "did not object." (Supp. Brief, ECF No. 40 at 2.)

Service of process by email has been upheld as reasonably calculated to provide notice in circumstances similar to those here. *See, e.g., Rio Props.*, 284 F.3d at 1018 ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *see also Louis Vuitton*, 2020 WL 4501765, at *2 (holding that service by email and website posting is permitted where the defendants "conduct[] their businesses over the Internet," "use[] email regularly in their businesses," and the plaintiff shows that email is "likely to reach defendants").

The Court therefore concludes that, in combination with proposed service via FedEx and to Cardenas's counsel, the proposed methods of service are tailored to ensure that Cardenas is apprised of this action. *See Oueiss v. Al Saud*, No. 20-cv-25022, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (Moore, J.).

For these reasons, the Court **grants** the Plaintiffs' motion. (**ECF No. 33**.) The Plaintiffs may serve the summonses, amended complaint, and all other filings and discovery in this matter upon Defendant Roman Cardenas by the methods identified in the Motion. The Plaintiffs shall file email and FedEx delivery confirmations, under Federal Rule of Civil Procedure 4(l)(2)(B), as proof of service for Defendant Cardenas. The Plaintiffs are further granted an additional 30 days to effectuate service given their prior diligent efforts to serve Defendant Cardenas at the address listed on his driver's license.

**Done and ordered** at Miami, Florida, on December 12, 2023.

_____
Robert N. Scola, Jr.
United States District Judge