United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kristoffer Jon Hind, and others, <br> Plaintiffs, <br><br> v. <br><br> FxWinning Limited, and others, <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 23-23139-Civ-Scola <br> ) <br> ) <br> ) |

### Order on Motion for Temporary Stay of Discovery

This matter is before the Court on Defendants CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy's (the "CFT Defendants") motion for temporary stay of discovery pending the Court's ruling on the same Defendants' motion to dismiss. (ECF No. 72.) The Plaintiffs filed a response (ECF No. 77), and the CFT Defendants have replied. (ECF No. 83.) The Court has considered the record, the briefing, the applicable caselaw, and is otherwise fully advised. The Court **grants** the CFT Defendants' motion. (**ECF No. 72**.)

On August 17, 2023, Plaintiffs Kristoffer Jon Hind and other individuals filed the instant lawsuit against CFT Solutions, LLC, its broker FxWinning Limited, and various affiliated individuals. (Compl., ECF No. 1; *see also* Am. Compl., ECF No. 42.) The Plaintiffs allege that CFT Solutions and the other Defendants defrauded the Plaintiffs by claiming that they had invented an algorithm that produced high returns on foreign exchange trading. (Am. Compl. ¶¶ 2-3.) The Plaintiffs claim that they invested over $27,000,000 in the trading platform based on the Defendants' misrepresentations, but that they never received returns and have not been allowed to withdraw their funds. (*Id.* ¶¶ 3-5.) The amended complaint alleges violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Commodities Exchange Act, and the Florida Securities and Investor Protection Act in addition to breach of contract, breach of fiduciary duty, and various tort claims. The CFT Defendants have moved to dismiss the first amended complaint for lack of subject matter jurisdiction. (ECF No. 64.)

The CFT Defendants now move for a temporary stay of discovery on the grounds that the Private Securities Litigation Reform Act of 1995 ("PSLRA") established that proceedings in securities fraud actions are automatically stayed upon the filing of a motion to dismiss. (*See generally* Mot., ECF No. 72.) The PSLRA applies to private actions for alleged violations of the Securities Act

of 1933 and the Securities Exchange Act of 1934. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 631 n.3 (11th Cir. 2010). "Under the PSLRA, when motions to dismiss are filed, discovery and other proceedings are stayed. Specifically, the statute states that: '[i]n any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.' The Court does not have discretion to impose the stay because the provision is mandatory." *Rensel v. Centra Tech, Inc.*, No. 1:17-CV-24500, 2019 WL 3429149, at *1 (S.D. Fla. Mar. 8, 2019) (quoting 15 U.S.C. § 77z-1(b)(1)) (Becerra, Mag. J.), *report and recommendation adopted*, No. 17-24500-CIV, 2019 WL 3429128 (S.D. Fla. May 1, 2019) (Scola, J.).

The Plaintiffs do not dispute the PSLRA's applicability; instead, they argue in their response to the CFT Defendants' motion that the automatic stay should be lifted because the Plaintiffs would be unfairly prejudiced by a delayed and compressed discovery timeline. (Pls.' Resp. at 8-10.) A PSLRA stay is mandatory and automatic "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." In re *Cassava Scis., Inc. Sec. Litig.*, No. 1:21-CV-00751-DAE, 2023 WL 28436, at *2 (W.D. Tex. Jan. 2, 2023). Courts have partially lifted the discovery stay to prevent undue prejudice in cases involving "unique circumstances, such as ongoing settlement discussions or corporate bankruptcies, that would have led to the plaintiffs being unduly prejudiced if the PSLRA discovery stay had not been lifted." *Id.* (quoting In re *Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007)).

Contrary to the Plaintiffs' argument, the potential for a truncated discovery period alone is not such a unique circumstance. The Plaintiffs repeatedly cite the Eleventh Circuit's decision in *Rensel v. Centra Tech, Inc.* in support of their argument, but that case related to the district court's denial of a motion for class certification that the Plaintiffs essentially *had* to untimely file as a result of a PSLRA stay. 2 F.4th 1359 (11th Cir. 2021). There do not appear to be any similar critical procedural steps in this case that the Plaintiffs will be prevented from taking as a result of the stay. And if the Court denies the motion to dismiss, the Court would freely grant a motion for extension of deadlines so that the parties have a reasonable amount of time to conduct discovery.

For the above reasons, the Court **grants** the CFT Defendants' motion for temporary stay of discovery pursuant to the PSLRA, acknowledging that a

mandatory and automatic stay of discovery is currently in place. The stay shall remain in effect until all pending motions to dismiss are resolved.

**Done and ordered** in Miami, Florida, on March 13, 2024.

_____
Robert N. Scola, Jr.
United States District Judge