# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO. 23-cv-23139-SCOLA/GOODMAN

KRISTOFFER JON HIND, *et al.*,

    Plaintiffs,

v.

FX WINNING LTD., *et al.*,

    Defendants.

_____/

### POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

On July 22, 2025, the Undersigned held a Zoom hearing on the parties' discovery disputes. [ECF No. 172]. At the hearing, the Undersigned **ordered** as follows:

By **Monday, July 28, 2025**, Attorney Justin Kaplan will provide Plaintiffs with affidavits or declarations from each of his clients (CFT Solutions, LLC, Renan de Rocha Gomes Bastos, and Arthur Percy (collectively "Clients")), containing:

    1.    an unequivocal disclosure, one way or another, whether they are in possession of the software and/or algorithm (collectively "items");

    2.    if they are not currently in possession of the items, then they will state whether they ever had possession of those items;

3. if they were in possession of the items previously, then they will explain what happened to the items and why they no longer have them;

4. a detailed explanation of whether all of their production has been completed and if not, what else is remaining and when it will be provided.

By the same **July 28, 2025** deadline, if CFT Solutions, LLC, Renan de Rocha Gomes Bastos, *and/or* Arthur Percy had been in possession of those items, but they are no longer in possession, then they will produce all documents explaining what happened to the items.

Additionally, the Court finds that, under Federal Rule of Civil Procedure 37, a fee-shifting award of $2,000.00 is appropriate in this case based on the Clients' delayed responses to Plaintiffs' Requests for Production, a mere hours before the hearing, and their failure to timely explain whether they have the items described earlier in this ruling.

Rule 37 permits the Court to apportion a fee award between the attorney and the client. *See Reddy v. Bisaria*, No. 10-80725-CIV, 2012 WL 13018360, at *3 (S.D. Fla. Feb. 10, 2012) (Rule 37 "vests the court with broad powers to apportion fault between the party and his or her attorney"). The Court will apportion the payment of the fee award as follows: roughly half to be paid by Mr. Kaplan ($1,001.00) and the remainder to be paid collectively by the Clients ($333.00 each).

The attorney's fees must be paid by **Wednesday, July 30, 2025**. Mr. Kaplan shall, by **Thursday, July 31, 2025**, submit to the Undersigned's CM/ECF mailbox

2

(goodman@flsd.uscourts.gov) declarations from himself and each of his Clients, confirming that payment has been made.[1]

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 22, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

---

[1] This $2,000.00 award is not an adverse disciplinary finding and is not a sanction against Mr. Kaplan. Instead, it is a Rule 37(a)(5) fee-shifting, cost-shifting mechanism. *See Topp, Inc. v. Uniden Am. Corp.*, No. 05-21698-Civ-Moreno/Simonton, 2007 WL 2155604 (S.D. Fla. July 25, 2007) (awarding fees and costs against a party who prevailed on a motion to compel because the party failed to timely cancel an out-of-town deposition, thereby creating adverse financial consequences to the opposing party). This Order would not require Mr. Kaplan to answer "yes" if asked (*e.g.*, by a judicial nominating commission, by a prospective client, by an insurance carrier, by a prospective employer, etc.) whether a Court has ever sanctioned him.