**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-cv-23139-ALTMAN**

**KRISTOFFER JON HIND**, *et al.*,

*Plaintiffs*,

*v.*

**FXWINNING LIMITED**, *et al.*,

*Defendants*.
_________________________________/

# ORDER

In August 2023, ten Plaintiffs[1] sued several Defendants, including Defendants CFT Solutions, LLC, Renan de Rocha Gomes Bastos, and Arthur Percy (the "CFT Defendants"), and Defendant Roman Cardenas. *See* Complaint [ECF No. 1]. In October 2023, the CFT Defendants moved to dismiss "[a]ll" of the claims against them, arguing that each of the ten Plaintiffs "executed . . . agreements" requiring that they "arbitrate their claims." Motion to Dismiss [ECF No. 23] at 2. In December 2023, those ten Plaintiffs—now joined by another ten Plaintiffs[2]—filed a First Amended Complaint (the "FAC") [ECF No. 42]. That FAC noted at the outset that sixteen of the twenty Plaintiffs—everyone except for Campbell, Longmire, Phillips, and Yates—"have agreed to arbitrate their claims" against the CFT Defendants. FAC at 1 n.1. But those sixteen Plaintiffs (the

---

[1] Those initial ten Plaintiffs include Kristoffer Jon Hind, Jason Thomas Waiton, Christopher Campbell, Paul Douglas Stoeppelwerth, Lucas Longmire, Thomas Blair Phillips, Taylor Jenkins, Jorden David Neil Malcolm, Robert Taylor Yates, and Rafael Reyes Salmeron.

[2] The ten Plaintiffs added by the FAC include Ryan Anthony Floyd, Matt Scott Vogel, Mark Alan Bentley, Peter Shane Donahue, Agata Agnieszka Powers, Avya Lindsey Waiton, Timothy Michael Morgan, Tarsis Carvalho Humphreys, Zachary Michael Sellers, and Brandon Michael Harrold.

"Arbitration Plaintiffs") maintained their claims against the non-CFT Defendants, including Cardenas. *See ibid.*

The pool of Plaintiffs shrank over the following months. In November 2024, Longmire dismissed his claims against the CFT Defendants. *See* Stipulation of Dismissal [ECF No. 144]. In May 2025, Yates dismissed his claims against all parties. *See* Notice of Voluntary Dismissal [ECF No. 149. And, in December 2025, we terminated Malcolm from this action. *See* December 3, 2025 Paperless Order [ECF No. 233] ("Malcolm . . . failed to attend our status conference and to comply with our order to show cause for his failure to prosecute his claims."). As of today, only *two* Plaintiffs—Campbell and Phillips—maintain claims against the CFT Defendants.

With that background in mind, we turn to the Plaintiffs' Motion to Lift Stay, Determine Waiver of Arbitration, and Permit Joinder of Additional Plaintiffs (the "Motion") [ECF No. 257], which claims that "a material intervening development has occurred that fundamentally alters the procedural posture of this case." Motion at 2. The Motion explains that "[t]he pending motions for summary judgment"—one filed by Cardenas, *see* Cardenas Motion for Summary Judgment [ECF No. 205], another by the CFT Defendants, *see* CFT Motion for Summary Judgment [ECF No. 207]—"were briefed at a time when [the Arbitration] Plaintiffs were excluded from this federal action due to Defendants' successful motion to compel arbitration," Motion at 6. But because the Defendants "fail[ed] to pay required administrative fees and arbitrator compensation," the Motion insists, "the arbitration panel . . . terminated the proceedings." *Id.* at 3. The Motion therefore asks that we "[l]ift the stay of this action," "[d]etermine that Defendants have waived any right to arbitration through default and non-payment," "permit joinder of the [Arbitration Plaintiffs] with . . . Campbell and . . . Phillips," and "[p]ermit limited and targeted supplemental discovery," as the "Defendants should not be permitted to benefit from a procedural posture they themselves created and then abandoned." *Id.* at 1–2, 7.

The CFT Defendants paint a different picture. *See* CFT Response [ECF No. 270]. They explain that the Plaintiffs "expressly dropped [the CFT] Defendants as parties in their First Amended Complaint." *Id.* at 2; *see also ibid.* ("The Arbitration Plaintiffs state that the 'Court granted arbitration to those claims.' That is not true. Instead, they filed their First Amended Complaint before this Court resolved Defendants' Motion to Dismiss[.]" (citations omitted)). And they note that the Plaintiffs' "own delays in making . . . required payments" resulted in "the arbitrators . . . not even [being] appointed for two years." *Id.* at 6.

For his part, Cardenas contends that "there is no new party to join," that "resett[ing] this entire litigation after the close of discovery and after the filing of summary-judgment motions would be unduly prejudicial," and that the Motion—"chock-full of misstatements"—is "joinder nonsensical." Cardenas Response [ECF No. 290] at 1. He points out that "all of the Plaintiffs seeking joinder are already parties to this action" and argues that the Plaintiffs are, "[i]n reality," simply "seeking leave to amend their complaint, to assert new claims against Bastos, CFT, and Percy, and to reopen discovery." *Id.* at 2.

In reply, the Plaintiffs attempt to "clarify" their "imprecise" "phrasing." Reply [ECF No. 278] at 3. "To the extent" the Motion represented that this Court "granted arbitration," the Plaintiffs concede that they themselves "filed the [FAC], which stated that certain Plaintiffs had agreed to arbitrate their claims against [the] CFT [Defendants]." *Ibid.* But the Plaintiffs maintain that they "satisfied their required obligations," that the Defendants "did not satisfy their corresponding obligations," and that the Defendants instead "failed to meet" an "extended deadline" that "afforded an opportunity to cure their non-payment." *Id.* at 2. On that basis, the Plaintiffs reemphasize that "[a] party may not take the position that claims belong in arbitration, allow that process to advance, fail to comply with its own obligations, and then rely on the resulting termination to prevent those claims from being heard." *Ibid.* And they invoke Federal Rules of Civil Procedure 20 and 21, asserting that

the "claims arise from the same underlying course of conduct, involve the same Defendants, and present common questions of law and fact[.]" *Id.* at 6–7; *see also id.* at 7 ("The Arbitration Plaintiffs did not abandon their claims or delay in asserting them—they pursued those claims in the arbitral forum after Defendants asserted that arbitration was the proper venue. The present posture exists solely because that forum terminated without adjudication due to Defendants' failure to satisfy their arbitration obligations.").

After careful review, we deny the Motion. To be sure, Section 3 of the Federal Arbitration Act (the "FAA") requires that courts, "on application of one of the parties[,] stay the trial of [an] action until such arbitration has been had," "providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. But the Plaintiffs themselves admit that *they* voluntarily pursued—and never received any Court order compelling—arbitration. So even if the Defendants failed to pay the requisite fees, no § 3-mandated stay exists for us to lift.[3]

The Plaintiffs' reliance on Federal Rules of Civil Procedure 20 and 21 fares no better. As to Rule 20, the Plaintiffs argue that "[r]esolving these claims in a single proceeding will avoid duplicative litigation, reduce the risk of inconsistent rulings, and conserve the resources of both the Court and the parties." Reply at 3. But "[t]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes[.]" *Buriev v. Warden, Geo, Broward Transitional Ctr.*, 2025 WL 1906626, at *1 (S.D. Fla. Mar. 18, 2025) (Altman, J.) (quotation marks omitted). And we cannot say that reopening discovery, redoing *two* briefed summary-judgment motions, and rewinding the clock for *fifteen* parties to reassert CTF-specific claims promotes judicial economy. *See id.* at *2 ("Where the technical requirements for joinder are met, we have discretion to deny joinder if we find that the

[3] In asking us to "lift the stay of this action," Motion at 1, the Plaintiffs appear to refer to our March 4, 2026 Paperless Order [ECF No. 253] staying this case "pending our resolution of the motions for summary judgment." That administrative stay shouldn't be confused with an FAA-imposed stay.

addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." (cleaned up)). Nor can we say that this Motion describes the type of nonjoinder scenario in which Rule 21 applies. *See* 7 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1683 (3d ed. 2025) ("Thus, Rule 21 applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact."); *Weinstein v. 440 Corp.*, 146 F.4th 1046, 1052 n.2 (11th Cir. 2025) ("Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court, which is afforded great discretion in managing its docket." (cleaned up)).

On the record before us, we cannot—and need not—determine which party bears responsibility for the default. We never compelled arbitration, *see* FAC at 1 n.1., so the Arbitration Plaintiffs must file a new lawsuit to pursue their claims. At this late stage of the action, with summary-judgment motions briefed and discovery completed, we find joinder inappropriate. We thus **DENY** the Motion.[4]

---

[4] A parting thought on sanctions. The CFT Defendants ask that we sanction the Plaintiffs' counsel pursuant to 28 U.S.C. § 1927, arguing that the Plaintiffs' counsel "ignored" the "procedural posture," relied upon "material misrepresentations," and filed a "clearly unreasonable, vexatious" Motion "in bad faith." CFT Response at 8; *see also ibid.* ("In fact, undersigned counsel advised the Arbitration Plaintiffs' attorneys before it was filed that the motion was procedurally improper and untimely even if it were not improper and that Defendants would consider seeking sanctions against them, personally, under . . . § 1927 if they filed the motion." (cleaned up)).

Section 1927 "targets bad faith or reckless conduct, not mere negligence." *Weissman v. Cheokas*, 2026 WL 1759431, at *6 (11th Cir. June 18, 2026). And "an attorney threatened with sanctions under § 1927 is entitled to a hearing." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007). As of this writing, neither side has requested a sanctions hearing. Plus, on the record before us, we cannot say with certainty whether the Plaintiffs' counsel acted with bad faith as opposed to negligence. So, we'll decline—at least for now—to impose sanctions. But we'll reissue our prior warning that untoward behavior from the Plaintiffs' counsel "*will* result in sanctions[.]" April 7, 2026 Paperless Order [ECF No. 286]. And we'll allow the Defendants to seek sanctions at the close of this case.

**DONE AND ORDERED** in the Southern District of Florida on August 18, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record